UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BLAKE AMAFA, | Case No. 2:23-cv-00574-JAD-EJY |
| Plaintiff, | **ORDER and** |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF NEVADA, | **Re: ECF No. 1** |
| Defendant. | |

Plaintiff filed an application to proceed *in forma pauperis* ("IFP") along with a document titled Notice of Removal.[1]  ECF Nos. 1, 1-2.  Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."  As explained by *Harper v. San Diego City Admin. Bldg.*, the financial "affidavit must include a complete statement of the plaintiff's personal assets."[2]  The Ninth Circuit recognizes "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status."[3]

An applicant need not be destitute to qualify for a waiver of costs and fees, but she must demonstrate that because of her poverty she cannot pay those costs and still provide herself with the necessities of life.[4]  The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty."[5]  If an individual is unable or unwilling to verify her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*.[6]

---

[1]    For purposes of this Order, the Court construes Plaintiff's Notice of Removal (ECF No. 1-2) to be Plaintiff's Complaint.

[2]    Case No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016).

[3]    *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).

[4]    *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

[5]    *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

[6]    *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty.").

Plaintiff's IFP application is incomplete.  Plaintiff submitted the Short Form IFP application and states she makes no money, has no bills, has no property of any kind, has no dependents, and has no debts.  ECF No. 1 at 1-2.  There is reason to doubt the accuracy of Plaintiff's IFP application.  An individual cannot live on zero dollars, which is what Plaintiff professes.  Even if an applicant has no loan payments, gas, electricity, food, and other necessities of life are not free.  In sum, the Court cannot determine if Plaintiff qualifies for *in forma pauperis* relief and, therefore, finds Plaintiff's IFP application must be denied.

In addition, Plaintiff's substantive filing (ECF No. 1-2), which is titled Notice of Removal, but construed as an attempt to file a Complaint, contains no factual allegations in support of any legal claims.  Instead, the filing contains over ninety pages of gibberish, indecipherable documents, and an assortment of case law, the federal rules of civil procedure, law journal articles, and copies of congressional testimony.  Even when liberally construed, Plaintiff's filing does not present a cognizable claim for the Court to review.  As a result, the Court recommends dismissal without prejudice of Plaintiff's Complaint because Plaintiff fails to state a decipherable claim.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Initiating Document at ECF No. 1-2 be dismissed without prejudice for failure to state a cognizable claim.

IT IS FURTHER RECOMMENDED that Plaintiff be given **one** opportunity to file a complete long form IFP application.  The application **must** be filed no later than **May 22, 2023**.  All questions must be answered.  In response to question 11, which asks why Plaintiff cannot afford to pay the filing fee, Plaintiff must explain in detail how she pays her bills.

IT IS FURTHER ORDERED that the Clerk of the Court must send Plaintiff the approved long form application to proceed *in forma pauperis* by a non prisoner, as well as the information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER RECOMMENDED that Plaintiff be given **one** opportunity to file an amended complaint.  The amended complaint must state facts that support claims that are either asserted as violation of Plaintiff's constitutional rights or rights under federal law.  The amended

complaint must tie the facts in support of specific claims to a defendant(s) who engaged in the conduct described. Plaintiff is advised that Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests.[7] "[A] pleading may not simply allege a wrong has been committed and demand relief."[8] Plaintiff's allegations fail to identify a cause of action and the allegations are currently indecipherable.[9] Plaintiff must fix these errors when filing an amended complaint.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff the form and directions for filing a Civil Rights Complaint in federal court.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order, either by failing to submit and complete the long form IFP application or file a amended complaint as directed above, the Court will recommend this matter be dismissed in its entirety.

DATED this 18th day of April, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn,* 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[7] *Yamaguchi v. United States Department of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted).

[8] *Sherrell v. Bank of America, N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).

[9] *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (holding that although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).